UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LYNDA BURKE, | ) |
| Plaintiff, | ) No.: 1:23-CV-00255-KAC-CHS |
| v. | ) |
| SANOFI-AVENTIS U.S. LLC, ET AL, | ) |
| Defendants. | ) |

**JOINT STATUS REPORT**

On January 9, 2024, counsel for Plaintiff Lynda Burke and Defendants Sanofi US Services Inc. and sanofi-aventis U.S. LLC (collectively "Sanofi") met and conferred pursuant to Federal Rule of Civil Procedure 26(f). The parties provide the following joint status report.

**I.  Disclosures and Discovery' Including Experts**

  **A.  Electronic Discovery**

The parties agree to follow the Electronically Stored Information Protocol entered by the MDL court. *See* Pretrial Order No. 49, Docket No. 6-2, at 84–104; Pretrial Order No. 71A, Docket No. 6-2, at 133–39.

  **B.  Initial Disclosures**

Before remand, this case was part of *In re: Taxotere (Docetaxel) Products Liability Litigation*, No. 2:16-md-02740, a multidistrict litigation ("MDL") consolidated in the Eastern District of Louisiana. The parties in the MDL stipulated to forgo Rule 26(a)(1) initial disclosures. General company liability discovery has already been completed as part of the MDL proceeding.

1

*See* Transfer Order, Docket No. 7, Ex. B at 44. Limited discovery specific to Ms. Burke has also been conducted. Given this posture, the parties agree that Rule 26(a)(1) initial disclosures are not necessary in this case.

### C. Protective Orders

The parties agree that trial-preparation materials are protected under the MDL court's ESI Protocol and Protective Order. *See* Pretial Order 49 (ESI Protocol), Docket No. 6-2, at 84-104; Pretrial Order No. 50 (Protective Order), Docket No. 6-2, at 105-17.

### D. Discovery Subjects and Schedule

The MDL court has facilitated completion of all general expert, corporate, and third-party discovery. *See* Transfer Order, Docket No. 7, Ex. B at 7–8, 44. No additional general discovery against Sanofi shall be permitted post-remand. *See id.* at 8.

Significant case-specific discovery is still needed. *See* Transfer Order, Docket No. 7, Ex. B at 44–45. Ms. Burke claims she experienced permanent hair loss following treatment for breast cancer with the chemotherapy drug Taxotere. Her claims entail complex questions of medical injury, medical causation, and personal and medical damages that implicate many diverse aspects of her medical history. These include her cancer diagnosis, care, and follow up; any treatment for, diagnosis, or discussion of hair loss with any provider; other health issues, such as genetic, hormonal, and autoimmune issues, bearing on cancer treatment options, hair loss, and quality of life; and non-medical evidence regarding Ms. Burke's hair and quality of life over time, including photographs and testimony from her cosmetic service providers, friends, and family.

So far, Ms. Burke has completed a Plaintiff Fact Sheet, Sanofi has completed a Defendant Fact Sheet, and Ms. Burke has produced some photographs and medical records. Sanofi has collected some medical records and has requested updated authorizations for the release of

2

4891-8033-4491 v2
Case 1:23-cv-00255-KAC-CHS   Document 25   Filed 01/23/24   Page 2 of 5   PageID #: 384

additional medical records. The parties anticipate the need to depose Ms. Burke and her prescribing physician, treating physician, other medical providers, friends, and family, as well as one or more sales representatives for Sanofi. Sanofi may also serve written discovery in the form of requests for production, requests for admission, and interrogatories. Production of risk-counseling documents, personal notes, and additional photographs are likely needed. The parties will also conduct expert-witness discovery.

The parties propose the following schedule for discovery:

- Plaintiff's Expert Disclosures and Reports Due: February 6, 2025
- Defendants' Expert Disclosures and Reports Due: March 6, 2025
- Rebuttal Expert Testimony Disclosure Due; March 22, 2025
- Discovery Cut-Off: April 22, 2025

## II. Other Scheduling Matters and Motion Practice

### E. Amendment of Pleadings/Joinder

The parties dispute whether amendments to the pleadings should be permitted. Plaintiff requests until March 22, 2024, to file a Motion for Leave to Amend her Complaint. Defendants request until April 5, 2024, to oppose Plaintiff's Motion for Leave to Amend. The parties will state their respective positions on why amendments should or should not be permitted in their respective briefs.

### F. Dispositive Motions

The parties propose a final dispositive motion deadline of June 6, 2025.

### G. Expert Witness and *Daubert* Motions:

The parties propose objections to a proposed expert witness's qualifications or that witness's competency to offer an expert opinion, or any objection to a proposed expert's

3

testimony under Federal Rules of Evidence 701 through 706 and *Daubert*, shall be filed by **June 6, 2025**. Responses shall be filed on or before **July 7, 2025**. Pursuant to Local Rule 7.1(c), unless otherwise stated by the Court, reply briefs are not necessary and are not required by the Court.

### H. Motions in Limine

The parties propose motions in limine (with supporting authority) relating to exhibits, depositions (including video depositions), and witnesses (other than experts) be filed by **August 7, 2025**. Responses be filed on or before **September 8, 2025**. Motions in limine may be heard at the final pretrial conference.

### I. Other Nondispositive Motions

The parties propose all nondispositive motions other than motions in limine shall be filed on or before **August 7, 2025.** Consistent with Local Rule 7.1(a), responses must be filed on or before **August 21, 2025.**

### III. Final Pretrial Conference and Pretrial Orders

The parties propose a final pretrial conference be held on **September 22, 2025**, at the Howard H. Baker, Jr. United States Courthouse, Courtroom 3C.

### IV. Trial

The parties estimate trial will take approximately ten days. They request a trial date in **October 6, 2025** or after.

Dated: January 23, 2024                             Respectfully submitted,

4

| | |
|---|---|
| */s/ Pierce Jones* (with permission)<br>Pierce Jones<br>Russell W. Lewis, IV<br>Johnson Law Group<br>2925 Richmond Avenue<br>Ste 1700<br>Houston, TX 77098<br>713-626-9336<br>Email: rlewis@johnsonlawgroup.com<br>Email: pjones@johnsonlawgroup.com | */s/ Matthew Edward DePaz*<br>Matthew Edward DePaz<br>mdepaz@shb.com<br>SHOOK, HARDY & BACON L.L.P.<br>2555 Grand Blvd.<br>Kansas City, MO 64108<br>Tel: (816) 474-6550<br>Fax: (816) 421-5547<br><br>Kyle W. Eiselstein<br>keiselstein@millermartin.com<br>Erin E. Steelman<br>erin.steelman@millermartin.com<br>Miller & Martin<br>Volunteer Building, Suite 1200<br>832 Georgia Avenue<br>Chattanooga, TN 37402<br><br>*Counsel for Defendants Sanofi US Services Inc. and sanofi-aventis U.S. LLC* |